UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRUCE YOUNG,

        Petitioner,

vs.                          Case No. 5:11-cv-119-Oc-29DNF

SECRETARY, FLA. DEP'T OF CORRECTIONS, FLA. ATT'Y GENERAL,

        Respondents.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

This matter comes before the Court upon Petitioner's Motion To Hold in Abeyance Application for a Writ of Habeas Corpus (Doc. #3, Motion). Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on March 7, 2011. The Petition raises two grounds for relief: (1) the circuit court lacked subject matter jurisdiction; and (2) circuit court violated Petitioners' due process rights by using illegal affidavits to prosecute Petitioner. Petition at 5. Petitioner asserts that he raised both grounds for relief to the state circuit court by way of a state habeas petition. <u>Id.</u> Petitioner requests that the Court hold the Petition in abeyance because he recently filed an appeal to the State appellate court from the circuit court's denial of his state habeas petition. <u>See generally</u> Motion.

The requirements set forth in AEDPA require that "[a]n application for writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2244(b)(1)(A). With regard to federal petitions that include both grounds that have been exhausted in the state courts and grounds that have not been exhausted (hereinafter "mixed petition"), the United States Supreme Court reasoned "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petition to delay the resolution of the federal proceedings." Rhines v. Weber, 544 U.S. 269, 277 (2005).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Id. (citations omitted). Additionally, the district court must consider whether a petitioner has engaged in intentionally dilatory litigation tactics before staying a federal petition. Id. at 278.

The instant Petition raises the same two grounds for relief that were raised in Petitioner's state habeas petition, the denial of which currently remains on appeal to the state district court of appeal. Thus, both claims raised in the Petition before the Court are unexhausted. Based upon the dates in the record, it appears

that Petitioner's federal limitation is currently tolled and the federal limitation period does not appear to be in jeopardy.

In particular, Petitioner's conviction and sentence were affirmed on direct appeal on December 16, 2009. Motion at 3; Petition at 2. Thus, Petitioner's state conviction did not became final until March 16, 2010 (ninety days after entry of the judgment). See Rule of the Supreme Court of the United States, Rule 13.3.[1] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year (365 days) from the date his case became final to file the federal petition. However, the federal limitations period is tolled during the time that Petitioner has a properly filed postconviction motion pending. 28 U.S.C. § 2244(d)(2). Here, 167 days of untolled time ran on the federal one-year limitations period, until Petitioner filed his state habeas petition with the 14th Judicial Circuit on August 26, 2010. The circuit court dismissed Petitioner's state petition on February 15, 2011, and Petitioner states that he timely filed an appeal with the district court of appeal, which remains pending. Motion at 2.

---

[1] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

This case does not involved a mixed petition because neither of the claims raised in the Petition have been exhausted.[2] 28 U.S.C. § 2254(b)(1)(A) requires that a petitioner first exhaust state court remedies. Petitioner acknowledges that he has not yet exhausted either of the claims raised in the instant Petition. Consequently, in recognition of the nature of comity between the national and state sovereignties in our federal system, the Court will dismiss the Petition without prejudice in order that Petitioner may fully exhaust his administrative remedies. <u>Rose v. Lundy</u>, 455 U.S. 509. 519-20 (1982). In particular, the district court of appeals court may grant Petitioner the relief he seeks, in which case the instant Petition would be moot. In the alternative, assuming the date Petitioner provided in his Petition are accurate, if the district court of appeal denies Petitioner relief, Petitioner still has over 190 days left on the federal limitation period within which to file his federal petition.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Affidavit of Indigency (Doc. #2), construed as a Motion to proceed *in forma pauperis,* is **DENIED** and the

---

[2] Because the Court is not confronted with a "mixed petition" the Court need not determine whether a stay is warranted or whether petitioner wishes to proceed only on his exhausted claims. <u>Rhines v. Weber</u>, 544 U.S. at 278; <u>Thompson v. Sec'y Dep't of Corr.</u>, 425 F.3d 1364, 1366 (11th Cir. 2005).

Petition for Writ of Habeas Corpus is **dismissed** without prejudice as unexhausted.

    2.   The **Clerk** shall dismiss this action without prejudice, terminate any pending motions, and close this file.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __23rd__ day of June, 2011.

                                                    JOHN E. STEELE
                                                  United States District Judge

SA: hmk
Copies: All Parties of Record